UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60907-CIV-MORENO/TURNOFF

FEDERAL TRADE COMMISSION, and

STATE OF FLORIDA,

> Plaintiffs,

> v.

JEREMY LEE MARCUS, individually and
as an officer, director, member, manager, or
owner of all named corporate defendants;

CRAIG DAVIS SMITH, individually and as
an officer, director, member, manager, or
owner of all named corporate defendants,

YISBET SEGREA, individually and as an
officer, director, member, or manager of all
named corporate defendants,

FINANCIAL FREEDOM NATIONAL,
INC., a Florida corporation, f/k/a
INSTITUTE FOR FINANCIAL
FREEDOM, INC. and MARINE CAREER
INSTITUTE SEA FRONTIERS, INC., also
d/b/a 321 LOANS, INSTAHELP
AMERICA, INC., HELPING AMERICA
GROUP, UNITED FINANCIAL SUPPORT,
BREEZE FINANCIAL SOLUTIONS,
321FINANCIAL EDUCATION, CREDIT
HEALTH PLAN, CREDIT SPECIALISTS
OF AMERICA, AMERICAN ADVOCACY
ALLIANCE, and ASSOCIATED
ADMINISTRATIVE SERVICES,

321LOANS, INC., a Florida corporation,
f/k/a 321 LOANS, INC., also d/b/a
321FINANCIAL, INC.,

INSTAHELP AMERICA, INC., a Florida
corporation, f/k/a HELPING AMERICA

TEAM, INC., also d/b/a HELPING
AMERICA GROUP,

HELPING AMERICA GROUP, LLC, a
Florida limited liability company, f/k/a
HELPING AMERICA GROUP, INC.,

BREEZE FINANCIAL SOLUTIONS, INC.,
a Florida corporation, also d/b/a CREDIT
HEALTH PLAN and CREDIT
MAXIMIZING PROGRAM,

US LEGAL CLUB, LLC, a Florida limited
liability company,

ACTIVE DEBT SOLUTIONS, LLC, a
Florida limited liability company, f/k/a
ACTIVE DEBT SOLUTIONS, INC., also
d/b/a GUARDIAN LEGAL CENTER,

GUARDIAN LG, LLC, a Florida limited
liability company, also d/b/a GUARDIAN
LEGAL GROUP,

AMERICAN CREDIT SECURITY, LLC, a
Florida limited liability company, f/k/a
AMERICAN CREDIT SHIELD, LLC,

PARALEGAL SUPPORT GROUP LLC, a
Florida limited liability company, f/k/a
PARALEGAL STAFF SUPPORT LLC,

ASSOCIATED ADMINISTRATIVE
SERVICES, LLC, a Florida limited liability
company, also d/b/a JOBFAX,

VIKING MANAGEMENT SERVICES
LLC, a Wyoming limited liability company,

COCKBURN & ASSOCIATE LLC, a
Florida limited liability company,

OMNI MANAGEMENT PARTNERS LLC,
a Florida limited liability company,

HP MEDIA, INC., a Florida limited liability
company,

WHITE LIGHT MEDIA LLC, a Nevada
limited liability company, and

DISCOUNT MARKETING USA S.A., a
Panamanian corporation,

            Defendants, and

JLMJP POMPANO, LLC, a Florida limited
liability company,

1609 BELMONT PLACE LLC, a Florida
limited liability company,

16 S H STREET LAKE WORTH, LLC, a
Florida limited liability company,

17866 LAKE AZURE WAY BOCA, LLC, a
Florida limited liability company,

114 SOUTHWEST 2ND STREET DBF,
LLC, a Florida limited liability company,

110 GLOUCHESTER ST., LLC, a Florida
limited liability company,

72 SE 6TH AVE., LLC, a Florida limited
liability company,

FAST PACE 69 LLC, a Florida limited
liability company,

STRATEGIC ACQUISITIONS TWO, LLC,
a Florida limited liability company,

HALFPAY INTERNATIONAL, LLC, a
Delaware limited liability company, also
d/b/a 16 H.S. STREET 12PLEX LLC, 311
SE 3RD ST., LLC, 412 BAYFRONT
DRIVE, LLC, 110 GLOUCHESTER ST.,
LLC, 72 SE 6TH AVE., LLC, 114 SW 2ND
STREET JM, LLC, 8209 DESMOND
DRIVE, LLC, and HLFP, LLC,

HALFPAY NV LLC, a Nevada limited
liability company, also d/b/a HALFPAY
INTERNATIONAL LLC,

NANTUCKET COVE OF ILLINOIS, LLC,
an Illinois limited liability company,

JACK MARCUS,

TERESA DUDA, and

JAMES MARCUS,

          Relief Defendants.

## PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission") and the Office of the Attorney General, State of Florida, Department of Legal Affairs ("State of Florida"), for their Complaint allege:

1.     The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.

2.     The State of Florida, by and through its Attorney General, Pamela Jo Bondi, brings this action under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes (2016), Fla. Stat. § 501.201 et seq., the Telemarketing Act, 15 U.S.C. §§ 6101-6108, and the TSR, 16 C.F.R. Part 310, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, consumer restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief, and reimbursement of costs and attorneys' fees for Defendants' acts or practices in violation of the FDUTPA. The State of Florida has conducted an investigation, and the head of the enforcing authority, Attorney General Pamela Jo Bondi, has determined that an enforcement action serves the public interest as required by the FDUTPA Section 501.207(2), Florida Statutes.

## SUMMARY OF THE CASE

3.      Since at least late 2013, Jeremy Lee Marcus, Craig Davis Smith, and Yisbet

Segrea (the "Individual Defendants"), through a maze of seventeen interrelated companies (the

"Corporate Defendants,"[1] and collectively, "Defendants"), have engaged in a massive scheme to

offer consumers phony debt relief services, including fake loans.

4.      Defendants make their money either through promises of large debt consolidation

loans at attractive rates, or through representations that they have taken over the servicing of

consumers' pre-existing debt relief accounts. In either instance, Defendants trick consumers into

paying Defendants hundreds or thousands of dollars a month under the false pretense that

Defendants will pay, settle, or obtain dismissals of consumers' debts and improve consumers'

credit.

5.      However, Defendants do not pay, settle, or obtain dismissals of consumers' debts,

nor do they improve consumers' credit. Instead, Defendants convert consumers' money to their

own use by paying only themselves.

6.      Over time, consumers learn that their debts are unpaid, their accounts are in

default, and their credit scores have plummeted. Some consumers are eventually sued by their

creditors, and some are forced to file bankruptcy.

7.      While consumers suffer, Defendants make millions. Since at least mid-2014,

Defendants have generated tens of millions of dollars from their scam.

8.      In addition, the Corporate Defendants operate as a common enterprise, including

sharing names and business functions to further their overall scheme. The Corporate Defendants

---

[1] The "Corporate Defendants" are set forth on pages 6 through 11.

are owned and controlled by the Individual Defendants, who run their day-to-day operations. The Corporate Defendants also share the same principal place of business – an approximately 50,000 square foot warehouse – and the common space within it. Many Corporate Defendants take turns reporting quarterly payroll for many of the approximately 150 employees that work for Defendants. Others hold themselves out to the public as providers of promised services, yet do not report any employees. The Corporate Defendants also trade funds freely and move money through their accounts, ultimately delivering tens of millions of dollars in profits from the enterprise to the Individual and Relief Defendants.[2]

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 6102(c).

10.     This Court has supplemental jurisdiction over the State of Florida's claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d), and 15 U.S.C. § 53(b).

## PLAINTIFFS

12.     The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces the Telemarketing Act, 15 U.S.C. §§ 6101-6108. Pursuant to the Telemarketing Act, the

---

[2] The "Relief Defendants" are identified on pages 12 through 13.

FTC promulgated and enforces the TSR, 16 C.F.R. Part 310, which prohibits deceptive and abusive telemarketing acts or practices in or affecting commerce.

13.     The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the TSR, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 56(a)(2)(A), and 6102(c).

14.     The State of Florida is the enforcing authority under the FDUTPA pursuant to Florida Statutes Section 501.203(2) and is authorized to pursue this action to enjoin violations of the FDUTPA and to obtain equitable or other appropriate relief, including rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, or other relief as may be appropriate. Fla. Stat. § 501.207. Pursuant to the authority found in the Telemarketing Act at 15 U.S.C. § 6103(a), the State of Florida is also authorized to initiate federal district court proceedings to enjoin telemarketing activities that violate the TSR, and in each such case, to obtain restitution and other compensation on behalf of Florida residents.

### DEFENDANTS

15.     **Defendant Jeremy Lee Marcus** ("Marcus") is or has been an owner, officer, principal, manager, or director of the Corporate Defendants and is or was the manager, member, or authorized representative of the Relief Defendants. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Marcus resides in

5

this district and, in connection with the matters alleged herein, transacts or has transacted

business in this district and throughout the United States, including in the State of Florida.

16.     **Defendant Craig Davis Smith** ("Smith") is or has been an owner, officer,

principal, manager, or director of the Corporate Defendants. At all times material to this

Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the

authority to control, or participated in the acts and practices set forth in this Complaint. Smith

resides in this district and, in connection with the matters alleged herein, transacts or has

transacted business in this district and throughout the United States, including in the State of

Florida.

17.     **Defendant Yisbet Segrea** ("Segrea") is or has been an officer, principal,

manager, or director of the Corporate Defendants. At all times material to this Complaint, acting

alone or in concert with others, she has formulated, directed, controlled, had the authority to

control, or participated in the acts and practices set forth in this Complaint. Segrea resides in this

district and, in connection with the matters alleged herein, transacts or has transacted business in

this district and throughout the United States, including in the State of Florida.

18.     **Defendant Financial Freedom National, Inc.** ("FFN"), formerly known as

Institute for Financial Freedom, Inc., and Marine Career Institute Sea Frontiers, Inc., also doing

business as 321 Loans, Instahelp America, Inc., Helping America Group, United Financial

Support, Breeze Financial Solutions, 321Financial Education, Credit Health Plan, Credit

Specialists of America, American Advocacy Alliance, and Associated Administrative Services,

is a Florida corporation with its principal place of business at 1410 SW 3rd Street, Pompano

Beach, Florida 33069. FFN has done business under a number of fictitious names used by

Defendants to market and sell their scam, including "321 Loans," "Instahelp America," and

6

"Helping America Group." FFN was acquired as a pre-existing non-profit company exempt from federal income tax pursuant to Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C § 501(c)(3). Notwithstanding this, FFN is organized to carry on business for its own profit or the profit of its members within the meaning of Section 4 of the FTC Act, 15 U.S.C. § 44. Defendant FFN transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

19.     **Defendant 321Loans, Inc.** ("321Loans"), formerly known as 321 Loans, Inc., also doing business as 321Financial, Inc., is a Florida corporation with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. "321Loans" is typically the name Defendants have used on mailers and other solicitations marketing their purported debt consolidation loans to consumers. Although 321Loans's articles of incorporation represent it as a non-profit corporation, 321Loans is organized to carry on business for its own profit or the profit of its members within the meaning of Section 4 of the FTC Act, 15 U.S.C. § 44. Defendant 321Loans transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

20.     **Defendant Instahelp America, Inc.** ("Instahelp-HAG"), formerly known as Helping America Team, Inc., also doing business as Helping America Group, is a Florida corporation with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. "Helping America Group" is another name predominantly used by Defendants in their debt consolidation scheme, and Instahelp-HAG is one of three Corporate Defendants that has used that name. Although Instahelp-HAG's articles of incorporation represent it as a non-profit corporation, Instahelp-HAG is organized to carry on business for its own profit or the profit of its members within the meaning of Section 4 of the FTC Act, 15 U.S.C. § 44. Defendant Instahelp-

7

HAG transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

21.     **Defendant Helping America Group, LLC** ("HAG"), formerly known as Helping America Group, Inc., is a Florida limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. Defendants have prominently used the name "Helping America Group" in the scam. Defendant HAG transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

22.     **Defendant Breeze Financial Solutions, Inc.** ("Breeze Financial"), also doing business as Credit Health Plan and Credit Maximizing Program, is a Florida corporation with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. Breeze Financial has purportedly provided credit correction services incident to consumers receiving their purported loan. Although Breeze Financial's articles of incorporation represent it as a non-profit corporation, Breeze Financial is organized to carry on business for its own profit or the profit of its members within the meaning of Section 4 of the FTC Act, 15 U.S.C. § 44. Defendant Breeze Financial transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

23.     **Defendant US Legal Club, LLC** ("US Legal"), is a Florida limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. Like Breeze Financial, Defendants have represented US Legal as a service incident to Defendants' purported loans. Defendant US Legal transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

24.     **Defendant Active Debt Solutions, LLC** ("ADS-Guardian Legal"), formerly known as Active Debt Solutions, Inc., also doing business as Guardian Legal Center, is a Florida limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. The name "Guardian Legal" has been formally used by two Corporate Defendants and was a name employed when convincing consumers that Defendants have taken over consumers' pre-existing debt relief services. Defendant ADS-Guardian Legal transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

25.     **Defendant Guardian LG, LLC** ("Guardian Legal"), also doing business as Guardian Legal Group, is a Florida limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. As stated above, the name "Guardian Legal" is one of the names Defendants have used when convincing consumers they have taken over consumers' pre-existing debt relief accounts. Defendant Guardian Legal transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

26.     **Defendant American Credit Security, LLC** ("ACS"), formerly known as American Credit Shield, LLC, is a Florida limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. Defendants have used the names "American Credit Security" and "American Credit Shield" in the process of convincing consumers they have taken over consumers' pre-existing debt relief services. Defendant ACS transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

9

27.      **Defendant Paralegal Support Group, LLC** ("PSG"), formerly known as

Paralegal Staff Support LLC, is a Florida limited liability company with its principal place of

business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. PSG has periodically employed

the Individual Defendants and other key personnel and has directed the activities of the other

Corporate Defendants. Defendant PSG transacts or has transacted business in this district and

throughout the United States, including in the State of Florida.

28.      **Defendant Associated Administrative Services, LLC** ("AAS"), also doing

business as Jobfax, is a Florida limited liability company with its principal place of business at

1410 SW 3rd Street, Pompano Beach, Florida 33069. AAS has also periodically employed the

Individual Defendants and other key personnel, and it has acted as a pass through entity for

proceeds from the scheme. Defendant AAS transacts or has transacted business in this district

and throughout the United States, including in the State of Florida.

29.      **Defendant Viking Management Services LLC** ("Viking") is a Wyoming

limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano

Beach, Florida 33069. Viking is one of the names Defendants have used when convincing

consumers they have taken over consumers' pre-existing debt relief accounts. Defendant Viking

transacts or has transacted business in this district and throughout the United States, including in

the State of Florida.

30.      **Defendant Cockburn & Associate LLC** ("Cockburn") is a Florida limited

liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach,

Florida 33069. Cockburn is another name Defendants have used when convincing consumers

they have taken over consumers' pre-existing debt relief accounts. Defendant Cockburn transacts

10

or has transacted business in this district and throughout the United States, including in the State of Florida.

31.     **Defendant Omni Management Partners LLC** ("Omni") is a Florida limited liability with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. "Omni" is yet another name Defendants have used when convincing consumers they have taken over consumers' pre-existing debt relief accounts. Defendant Omni transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

32.     **Defendant HP Media, Inc.** ("HP Media") is a Florida corporation with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. HP Media has employed the Individual Defendants and other key personnel, and it has acted as a pass through entity for proceeds from the scheme. Defendant HP Media transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

33.     **Defendant White Light Media LLC** ("White Light") is a Nevada limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. White Light has directly received consumer payments and has acted as a pass through entity for proceeds from the scheme. Defendant White Light transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

34.     **Defendant Discount Marketing USA S.A.** ("Discount Marketing") is a Panamanian corporation with its principal office at Torre Global Bank, Piso 14, Calle 50, Panama City, Panama. Discount Marketing has performed sales and "customer service" functions for Defendants. Defendant Discount Marketing transacts or has transacted business in this district and throughout the United States, including in the State of Florida.

35.    **Relief Defendants JLMJP Pompano, LLC; 1609 Belmont Place LLC; 16 S H Street Lake Worth, LLC; 17866 Lake Azure Way Boca, LLC; 114 Southwest 2nd Street DBF, LLC; 110 Glouchester St., LLC; 72 SE 6th Ave., LLC; Fast Pace 69 LLC;** and **Strategic Acquisitions Two, LLC** (the "Florida Relief Defendants") are Florida limited liability companies with their principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. The Florida Relief Defendants have received assets that can be traced directly to Defendants' deceptive acts or practices alleged below, and they have no legitimate claim to those assets. The Florida Relief Defendants transact or have transacted business in this district.

36.    **Relief Defendant Halfpay International, LLC** (the "Delaware Relief Defendant"), also doing business as 16 H.S. Street 12Plex LLC, 311 SE 3rd St., LLC, 412 Bayfront Drive, LLC, 110 Glouchester St., LLC, 72 SE 6th Ave., LLC, 114 SW 2nd Street JM, LLC, 8209 Desmond Drive, LLC, and HLFP, LLC, is a Delaware limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. The Delaware Relief Defendant has received assets that can be traced directly to Defendants' deceptive acts or practices alleged below, and it has no legitimate claim to those assets. The Delaware Relief Defendant transacts or has transacted business in this district.

37.    **Relief Defendant Halfpay NV LLC** (the "Nevada Relief Defendant"), also doing business as Halfpay International LLC, is a Nevada limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. The Nevada Relief Defendant is authorized to do business in Florida. The Nevada Relief Defendant has received assets that can be traced directly to Defendants' deceptive acts or practices alleged below, and it has no legitimate claim to those assets. The Nevada Relief Defendant transacts or has transacted business in this district.

38.      **Relief Defendant Nantucket Cove of Illinois, LLC** (the "Illinois Relief Defendant") is an Illinois limited liability company with its principal place of business at 1410 SW 3rd Street, Pompano Beach, Florida 33069. The Illinois Relief Defendant has received assets that can be traced directly to Defendants' deceptive acts or practices alleged below, and it has no legitimate claim to those assets. The Illinois Relief Defendant transacts or has transacted business in this district.

39.      **Relief Defendant Jack Marcus** is an individual who has received assets that can be traced directly to Defendants' deceptive acts or practices alleged below, and he has no legitimate claim to those assets. Jack Marcus resides in this district.

40.      **Relief Defendant Teresa Duda** is an individual who has received assets that can be traced directly to Defendants' deceptive acts or practices alleged below, and she has no legitimate claim to those assets. Teresa Duda resides in this district.

41.      **Relief Defendant James Marcus** is an individual who has received assets that can be traced directly to Defendants' deceptive acts or practices alleged below, and he has no legitimate claim to those assets. James Marcus resides in California and transacts or has transacted business in this district.

<u>**COMMON ENTERPRISE**</u>

42.      The Corporate Defendants are operating as a common enterprise while engaging in the deceptive and unlawful acts and practices alleged below. The Corporate Defendants are conducting the business practices described below through an interrelated network of companies that have common officers, managers, business functions, employees, or office locations, and that have commingled funds. Each Corporate Defendant is jointly and severally liable for the acts and practices alleged below. In addition, the Individual Defendants have formulated,

directed, controlled, had the authority to control, or participated in the acts and practices of the
Corporate Defendants that constitute the common enterprise.

## COMMERCE

43.     At all times material to this Complaint, Defendants have maintained a substantial

course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act,

15 U.S.C. § 44, and as "trade or commerce" is defined in Florida Statutes Section 501.203(8).

## DEFENDANTS' BUSINESS ACTIVITIES

44.     Since at least late 2013, Defendants have engaged in a plan, program, or

campaign to offer purported debt consolidation loans and debt relief services throughout the

United States, including in the State of Florida, when in fact they did not make such loans or

provide such services. Consumers impacted by Defendants' scheme carry significant debt and

include the elderly and disabled.

### Defendants' Bogus Loan Campaign

45.     In many instances, Defendants lure consumers with false promises of guaranteed,

low interest rate, debt consolidation loans, when in fact they do not make such loans at all.

Defendants use direct mail, Internet websites, and unsolicited telephone calls to pitch their scam.

46.     Defendants' typical mail solicitation is in the form of a personalized letter to the

consumer's home address. The letter states it is from the "Customer Approval Center" of

"321LOANS," "A NOT FOR PROFIT CORPORATION," and suggests that a low interest rate

loan for tens of thousands of dollars, "Pre-Approval – Guaranteed," is only a phone call away:

**Customer Approval Center**
Approval Code: 27872048

Hours of operation: 9:00am to 5:00pm EST



Pre-Approval - **Guaranteed** |
4% to 7% Interest Rate - **Guaranteed** |

Available Loan Amount: **$35,000** |
Estimated creditor balances: **$28,200** |
Loan Approval Department: **1-855-899-8845** |
VISIT: http:/███████████321loanhelp.com



47.    Defendants' typical letter then instructs consumers to call to receive a loan that

will resolve their unsecured debts and build their credit. Defendants tell consumers they will be

able to "[c]ombine all balances on [their] current alleged debt and make one easy payment with

one very low interest rate:"

Dear ███████████

Please call our office at **1-855-899-8845 within 7 days of receipt of this notice.** After review of your alleged
debt, our approval department has **pre-approved** you for a special purpose **loan up to $35,000,** and possibly more.

Your **pre-approved** low interest rate loan (4% to 7%) will be utilized to resolve your alleged unsecured debt and
build your credit much quicker than you can on your own.

Qualified debts include: (Credit Cards, Signature Loans, Private Student loans, Accounts in Collection, Medical Bills)

* This loan is designed to help you completely **eliminate your alleged unsecured debt.**
* This loan is designed to help you build your credit, and allow you to **re-establish your credit.**
* This loan is designed to be **extremely affordable** to pay back on a monthly basis.

Our loans are fast, simple, and easy. Combine all balances on your current alleged debt and make one easy payment
with one very low interest rate (4% to 7%).

48.    Defendants have also maintained Internet websites that offer low interest rate

loans to help consumers get out of debt. For example, one of Defendants' websites,

www.321loans.org, has explained: "We offer low interest rate loans to people with all types of

credit scores, from the very bad to the very good. We want to help you get out of debt and get

back on your feet."

49.     The "About Us" section of this website has further stated "321Loans: Easy, Low

Interest Loans" and prominently displayed the following graphic:



50.     Another of Defendants' websites, www.321badcreditloans.com, claimed:

"Regardless of your credit score, we can offer you low interest rates to help you get out of your

debt."

51.     Yet another of Defendants' websites, www.321financial.com, contains the

following "review:"

> I had about $30000 in total debt including credit cards and medical bills and a few
> payday loans that were just killing me each month, I was paying about 800 on the
> payday loans alone and Cliff at 321Financial was able to get me to a 9% interest
> rate on all of my debt and lower my payment to 600 a month. I couldn't be
> happier with the process, they were also able to get 3 removed off my credit
> report that was showing up negatively. Please give these [sic] a call, don't waste
> your time with other companies.
> -Aaron O

52.     When consumers call the phone number listed in the mailer, or when Defendants contact consumers through unsolicited telephone calls, Defendants lead consumers to believe that their debts will be paid off. For example, Defendants promise consumers low interest rate loans in the exact amount of their total unsecured debt, plus interest. These amounts range from $10,000 to $60,000 or more. Defendants also quote attractive monthly payments that are significantly less than what consumers are paying their creditors.

53.     As an added benefit, Defendants also tell consumers they will become part of a non-profit service that works to dismiss or settle the debts. Defendants tell consumers their purported non-profit status enables them to provide the loans at such low interest rates. In addition, Defendants tell consumers that, as a non-profit, they have legal teams of attorneys who will work to get consumers' debts dismissed or settled, and a credit corrections group who will improve consumers' credit. Defendants sometimes explain that any money they earn comes from the interest rates consumers will pay, or from any difference between what consumers pay them and the debts they are able to dismiss or settle.

54.     Many consumers are tens of thousands of dollars in debt and are looking to consolidate their debt at a significantly lower interest rate and reduced monthly payment. Many consumers also state that Defendants' purported non-profit status is important, as it makes Defendants and their offers appear more credible and legitimate.

55.     Often, while remaining on the line, Defendants' telemarketers email consumers an electronic link to 50-75 pages of documents designed to look much like a loan agreement, including a Truth in Lending Statement and loan repayment terms. Defendants show consumers highlighted areas within the documents and ask them to simply initial and sign by clicking

through those areas in order to finish processing the loan. Consumers are generally unaware that the documents contain language that contradicts representations made by the telemarketers.

56.     Believing Defendants will pay their debts or get them settled or dismissed, consumers agree to have their bank accounts immediately debited for their first loan "repayment" or for a processing fee. Then, consumers continue "repaying" their loan each month through automatic bank debits ranging from $200 to $1,000 or more.

<u>Defendants' Account Takeover Campaign</u>

57.     In Defendants' account takeover campaign, Defendants call consumers already enrolled with third-party debt relief providers and inform them that Defendants are taking over the servicing of their debt relief accounts. Many of these consumers have worked for years with their third-party debt relief providers and have saved money in established escrow accounts for use in negotiating with creditors. Many consumers' escrow balances are in the thousands.

58.     Defendants falsely promise they will continue to perform the same or similar debt relief services for these consumers. They instruct consumers to transfer all the money from their escrow accounts to Defendants. In addition, Defendants set up recurring monthly withdrawals from the consumers' checking accounts ranging from $200 to $1,000 or more.

<u>Regardless of the Campaign, Consumers Get Nothing for Their Money</u>

59.     Once hooked through Defendants' misrepresentations, consumers often hear nothing from Defendants except, perhaps, in the form of a monthly telephone call to see how consumers are doing or through email payment reminders. With the purported loans, consumers sometimes also receive payment confirmations reinforcing the myth that consumers are repaying a debt consolidation loan. The confirmations typically specify that the "Amount Applied to Fees (if any)" is $0.00.

60.    At some point, consumers typically hear from their creditors, who often inform the consumers that their bills are unpaid and their accounts are going into default. When asked, consumers' creditors often inform the consumers that Defendants have not contacted the creditors to seek to pay, settle, or dismiss the consumers' debts.

61.    When consumers ask Defendants why their debts have not been paid as promised, Defendants continue to mislead consumers by stringing them along with false explanations, including that Defendants need time to validate consumers' debts or confirm payoff amounts. Defendants also insist that consumers refrain from paying their creditors.

62.    When consumers demand proof of Defendants' efforts to pay, settle, or dismiss their debts, Defendants sometimes send a form letter to consumers' creditors in the consumers' own names without first ascertaining the truth of the statements in the letter. The form letter suggests the consumers will be filing bankruptcy or disputes the validity of the consumer's debts.

63.    In many instances, it is not until consumers demand cancellation and a return of their money, threaten legal action, or complain to law enforcement or the Better Business Bureau that consumers finally discover Defendants intend to keep all of consumers' money, including any loan "repayments" or funds transferred from consumers' escrow accounts, as "fees." Consumers who once thought their debts would be reduced and paid are essentially told that their debts have more than doubled—not only do consumers still owe their original debts, they now learn Defendants expect an equal amount in "fees."

64.    Defendants typically refuse to return consumers' money and, in many instances, threaten to report, and do report, the purported loan to credit bureaus if consumers do not continue to pay.

65.     While Defendants collect millions from consumers, consumers get little to

nothing in return. Defendants do not provide a debt consolidation loan and generally do not pay,

settle, or obtain dismissals of consumers' debts. Nor do they improve consumers' credit. Instead,

Defendants leave consumers in much worse financial positions. In many instances, Defendants

bilk thousands of dollars from consumers, most of whom are already in financial distress. Some

consumers are eventually sued by their creditors, and some are forced to file bankruptcy. Often,

consumers' credit ratings are severely damaged.

All Corporate Defendants Are For-Profit Entities

66.     Although at least four Corporate Defendants are held out as non-profit entities

(FFN, 321Loans, Instahelp-HAG, and Breeze Financial), they operate for the benefit of

themselves and their members.

67.     By way of example:

A.     Defendants have transferred millions of dollars from the purported non-
profit companies' bank accounts to for-profit companies' bank accounts.

B.     Defendants have used the assets of Corporate Defendants, including those
held out as non-profit entities, to spend lavishly on themselves and their
workers, including millions in real estate, tens of thousands on Rolex
watches, and hundreds of thousands in withdrawals by Individual
Defendant Marcus.

C.     Sales training manuals teach "The Art of the Sale" and the importance of
qualifying consumers who can pay by explaining that "the more time you
spend qualifying the prospect, the less time you will waste pitching
unqualified people for hours only to find out they HAVE NO $$$."

Training manuals also advise, "[w]hat is MOST important and something that many salespeople miss when they go into a call wanting to create value, they forget the goal is to make a sale . . . So remember your ABC's – Always Be Closing!"

68.     Any representations that debt relief services are offered or provided by a non-profit entity are false.

## VIOLATIONS OF THE FTC ACT

69.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

70.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT I

### Misrepresentations in Violation of Section 5(a)
### (By Plaintiff FTC)

71.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of debt relief programs or services, Defendants have represented, directly or indirectly, expressly or by implication, that:

        A.     Defendants will provide consumers a low interest rate loan to pay off consumers' unsecured debts;

        B.     Defendants will negotiate, settle, or alter the terms of payment or other terms of consumers' unsecured debts to reduce the balance, interest rate, or fees owed to a creditor or debt collector;

        C.     Defendants will otherwise eliminate consumers' unsecured debts;

     D.      The debt relief program or service is offered or provided by a non-profit entity; and

     E.      The debt relief program or service will improve consumers' creditworthiness.

72.     In truth and in fact, the representations set forth in Paragraph 62 of this complaint were false or not substantiated at the time the representations were made.

73.     Therefore, Defendants' representations as set forth in Paragraph 62 of this Complaint are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### VIOLATIONS OF THE TELEMARKETNG SALES RULE

74.     Congress directed the FTC to proscribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108. The FTC adopted the original TSR in 1995, extensively amended it in 2003, and amended certain provisions thereafter. 16 C.F.R. Part 310.

75.     Defendants are "seller[s]" or "telemarketer[s]" engaged in "telemarketing" as defined by the TSR, 16 C.F.R. § 310.2(dd), (ff), and (gg). A "seller" means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to a customer in exchange for consideration. 16 C.F.R. § 310.2(dd). A "telemarketer" means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(ff). "Telemarketing" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call. 16 C.F.R § 310.2(gg).

76.     Defendants are sellers or telemarketers of "debt relief services" as defined by the

TSR, 16 C.F.R § 310.2(o). Under the TSR, a "debt relief service" means

> any program or service represented, directly or by implication, to renegotiate,
> settle, or in any way alter the terms of payment or other terms of the debt between
> a person and one or more unsecured creditors or debt collectors, including, but not
> limited to, a reduction in the balance, interest rate, or fees owed by a person to an
> unsecured creditor or debt collector.

16 C.F.R § 310.2(o).

77.     The TSR prohibits sellers and telemarketers from misrepresenting, directly or by

implication, any material aspect of any debt relief service, including, but not limited to, the effect

of the service on a consumer's creditworthiness, and whether a debt relief service is offered or

provided by a non-profit entity. 16 C.F.R. § 310.3(a)(2)(x).

78.     The TSR also prohibits sellers and telemarketers from requesting or receiving

payment of any fee or consideration for any debt relief service until and unless:

> A.      The seller or telemarketer has renegotiated, settled, reduced, or otherwise
>
> altered the terms of at least one debt pursuant to a settlement agreement,
>
> debt management plan, or other such valid contractual agreement executed
>
> by the customer;
>
> B.      The customer has made at least one payment pursuant to that settlement
>
> agreement, debt management plan, or other valid contractual agreement
>
> between the customer and the creditor or debt collector; and
>
> C.      To the extent that debts enrolled in a service are renegotiated, settled,
>
> reduced, or otherwise altered individually, the fee or consideration either:
>
> > i.      Bears the same proportional relationship to the total fee for
> >
> > renegotiating, settling, reducing, or altering the terms of the entire

        debt balance as the individual debt amount bears to the entire debt

        amount. The individual debt amount and the entire debt amount are

        those owed at the time the debt was enrolled in the service; or

ii.      Is a percentage of the amount saved as a result of the renegotiation,

        settlement, reduction, or alteration. The percentage charged cannot

        change from one individual debt to another. The amount saved is

        the difference between the amount owed at the time the debt was

        enrolled in the service and the amount actually paid to satisfy the

        debt.

16 C.F.R. § 310.4(a)(5)(i).

79.     Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and

Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the TSR constitutes an

unfair or deceptive act or practice in or affecting commerce, in violation of section 5(a) of the

FTC Act, 15 U.S.C. § 45(a).

80.     Section 510.203(3), Florida Statutes, establishes that a violation of the FDUTPA

may be based upon any of the following: (a) any rules promulgated pursuant to the FTC Act; (b)

the standards of unfairness and deception set forth and interpreted by the FTC or the federal

courts; or (c) any law, statute, rule, regulation or ordinance which proscribes unfair methods of

competition, or unfair, deceptive, or unconscionable acts or practices. Therefore, Defendants'

failure to comply with the TSR, as set forth below, constitute per se violations of the FDUTPA.

## COUNT II

### Misrepresentations About Debt Relief Services
### (By Both Plaintiffs)

81.     In numerous instances, in connection with the telemarketing of debt relief programs or services, Defendants have misrepresented, directly or indirectly, expressly or by implication, material aspects of debt relief services, including but not limited to:

A.     That Defendants will pay off or otherwise eliminate consumers' unsecured debts;

B.     That Defendants will negotiate, settle, or alter the terms of payment or other terms of consumers' unsecured debts to reduce the balance, interest rate, or fees owed to a creditor or debt collector;

C.     The effect of the service on a consumer's creditworthiness; and

D.     That the debt relief service is offered or provided by a non-profit entity.

82.     Defendants' acts and practices, as described in Paragraph 72 of this Complaint, are deceptive telemarketing acts or practices that violate Section 310.3(a)(2)(x) of the TSR, 16 C.F.R. § 310.3(a)(2)(x).

## COUNT III

### Advance Fee for Debt Relief Services
### (By Both Plaintiffs)

83.     In numerous instances in connection with the telemarketing of debt relief programs or services, Defendants have requested or received payment of a fee or consideration for debt relief services before:

A.     Defendants have renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt

management plan, or other such valid contractual agreement executed by
the customer; and

B.   The customer has made at least one payment pursuant to that settlement
agreement, debt management plan, or other valid contractual agreement
between the customer and the creditor.

84.   Defendants' acts and practices, as described in Paragraph 74 of this Complaint,
are deceptive telemarketing acts or practices that violate Section 310.4(a)(5)(i) of the TSR, 16
C.F.R. § 310.(4)(a)(5)(i).

## VIOLATIONS OF THE FLORIDA UNFAIR AND DECEPTIVE
## TRADE PRACTICES ACT

### COUNT IV
### (By Plaintiff State of Florida)

85.   As set forth in Paragraphs 1 through 59 above, which allegations are incorporated
as if set forth herein, Defendants have committed acts and practices that are unfair or deceptive
in violation of the FDUTPA.

86.   Section 501.204(1), Florida Statutes, declares that "unfair or deceptive acts or
practices in the conduct of any trade or commerce are hereby declared unlawful."

87.   In the course of Defendants' trade or commerce, Defendants have committed acts
or practices that are unfair or deceptive in violation of the FDUTPA, including making false or
misleading representations, directly or indirectly, expressly or by implication, in connection with
the advertising, marketing, promotion, offering for sale, or sale of debt relief programs or
services, including, but not limited to, that:

A.   Defendants will provide consumers a low interest rate loan to pay off
consumers' unsecured debts;

26

B.  Defendants will negotiate, settle, or alter the terms of payment or other terms of consumers' unsecured debts to reduce the balance, interest rate, or fees owed to a creditor or debt collector;

C.  Defendants will otherwise eliminate consumers' unsecured debts;

D.  The debt relief program or service is offered or provided by a non-profit entity; and

E.  The debt relief program or service will improve consumers' creditworthiness.

88.  In truth and in fact, in numerous instances, such representations were false or unsubstantiated at the time the representations were made.

89.  The Individual Defendants are personally liable for the unlawful acts and practices of the Corporate Defendants, as each of the Individual Defendants has the authority and power to control or direct the conduct at issue herein and/or actually participated in and directed the conduct at issue herein.

90.  The acts and practices of the Defendants as set forth herein are misleading or deceptive and likely to mislead consumers acting reasonably, and consumers within the State of Florida and elsewhere were actually misled by the acts and practices of the Defendants recited herein.

**RELIEF DEFENDANTS**

**COUNT V**
**(By Both Plaintiffs)**

91.  The Florida, Delaware, Nevada, and Illinois Relief Defendants, and Jack Marcus, Teresa Duda, and James Marcus (collectively, "Relief Defendants") have received, directly or indirectly, assets from Defendants that are traceable to the deceptive acts or practices described

herein.

92.     Relief Defendants have no legitimate claim to such assets, and Relief Defendants would be unjustly enriched if they are not required to disgorge the assets or the value of the benefit they received as a result of Defendants' deceptive acts or practices.

93.     By reason of the foregoing, Relief Defendants hold assets in constructive trust for the benefit of Defendants' consumers.

## CONSUMER INJURY

94.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, the TSR, and the FDUTPA.  In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THE COURT'S POWER TO GRANT RELIEF

95.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

96.     Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), authorizes this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the TSR, including the rescission or reformation of contracts, and the refund of money.

97.     Section 4(a) of the Telemarketing Act, 15 U.S.C. § 6103(a), empowers this Court to grant the State of Florida injunctive and such other relief as the Court may deem appropriate to halt violations of the TSR and to redress injury to consumers, including the award of restitution and other compensation.

98.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction to allow Plaintiff State of Florida to enforce its state law claims against Defendants in this Court for violations of the FDUTPA. Florida Statutes Section 501.207 authorizes this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FDUTPA, including injunctive relief, rescission or reformation of contract, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

## PRAYER FOR RELIEF

99.     Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), and the Court's own equitable powers; and Plaintiff State of Florida, pursuant to Section 4(a) of the Telemarketing Act, 15 U.S.C. § 6103(a), Florida Statutes §§ 501.207 and 501.2105, and as authorized by the Court's own equitable powers, request that the Court:

A.     Award Plaintiffs such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, an order freezing assets, immediate access, and appointment of a receiver;

B.     Enter a permanent injunction to prevent future violations of the FTC Act, the TSR, and the FDUTPA by Defendants;

      C.     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, the TSR, and the FDUTPA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

      D.     Award Plaintiff FTC the costs of bringing this action and Plaintiff State of Florida its attorneys' fees and costs in bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated:  September 29, 2017.

Respectfully submitted,

DAVID SHONKA
Acting General Counsel

*/s/ Valerie M. Verduce*

VALERIE M. VERDUCE, Special Bar No. A5500477
vverduce@ftc.gov; (404) 656-1355

*/s/ Angeleque P. Linville*

ANGELEQUE P. LINVILLE, Special Bar No. A5502336
alinville@ftc.gov; (404) 656-1354

Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, GA 30303
Telephone: (404) 656-1355
Facsimile: (404) 656-1379

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PAMELA JO BONDI
Attorney General, State of Florida

*/s/ Ryann Flack*

Ryann Flack, Florida Bar No. 0018442
Assistant Attorney General
Ronnie Adili, Florida Bar No. 140473
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
SunTrust International Center
1 S.E. 3rd Avenue, Suite 900
Miami, FL 33131
Flack Telephone: (786) 792-6249
Ryann.Flack@myfloridalegal.com
Adili Telephone: (954) 712-4628
Ronnie.Adili@myfloridalegal.com

Attorneys for Plaintiff
STATE OF FLORIDA

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 29th day of September, 2017, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this date on all counsel of record on the attached Service List via transmission of Notices of Electronic Filing generated by the CM/ECF system, or for those counsel or parties who are not authorized to receive CM/ECF Notices of Electronic Filing, is being served in the manner specified.

*/s/ Angeleque P. Linville*

_____
Angeleque P. Linville

SERVICE LIST

Jonathan E. Perlman, Esq.
jperlman@gjb-law.com
Gregory M. Garno, Esq.
ggarno@gjb-law.com
Allison Day, Esq.
aday@gjb-law.com
Theresa M.B. Van Vliet, Esq.
tvanvliet@gjb-law.com
Genovese Joblove & Battista, P.A.
Miami Tower, 44th Floor
100 Southeast 2nd Street
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
*Receiver and his Counsel*

Rachel Hirsch, Esq.
rhirsch@ifrahlaw.com
A. Jeff Ifrah, Esq.
jeff@ifrahlaw.com
Ifrah Law
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006
Maurice B. VerStandig, Esq.
mac@mbvesq.com
The VerStandig Law Firm, LLC
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
*Counsel for Defendant Jeremy Lee Marcus and*
*Relief Defendants Halfpay International, LLC; Halfpay NV LLC;*
*JLMJP Pompano, LLC; and Nantucket Cove of Illinois, LLC*

Edward Shohat, Esq.
eshohat@joneswalker.com
Barry S. Turner, Esq.
bturner@joneswalker.com
JONES WALKER, LLP
201 S. Biscayne Blvd, 26th Floor
Miami, Florida 33131
*Counsel for Defendants Craig Davis Smith and Yisbet Segrea*

33

*Via service of process:*

*Viking Management Services LLC*
Capital Administrators, LLC, Registered Agent
1712 Pioneer Ave, Ste 115
Cheyenne, WY 82001

*Cockburn & Associate LLC*
*Omni Management Partners LLC*
*HP Media, Inc.*
c/o Seth E. Ellis, Esq., Registered Agent
Tripp Scott
4755 Technology Way, Ste 205
Boca Raton, FL 33431

*White Light Media LLC*
c/o Incorporation Services, Inc., Registered Agent
3773 Howard Hughes Parkway, Suite 500S
Las Vegas, NV 89169

*Discount Marketing USA S.A.*
c/o Barry Turner, Counsel to Craig Davis Smith, Secretary and Director
Jones Walker LLP
201 S. Biscayne Blvd, Ste. 2600
Miami, FL 33131
or c/o Jeremy Lee Marcus, President and Director
300 Royal Plaza Drive
Fort Lauderdale, FL 33301

*Jack Marcus*
6436 Grand Cypress Cir.
Lake Worth, FL 33463
Or such other address as service may be made

*Teresa Duda*
110 Glouchester Street
Boca Raton, FL 90230
Or such other address as service may be made

*James Marcus*
6665 Green Valley Circle, #222
Culver City, CA 90230
Or such other address as service may be made

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| Federal Trade Commission and State of Florida | ) ) ) ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No. 17-cv-60907-MORENO/TURNOFF |
| v. | ) ) | |
| Jeremy Lee Marcus, et al. | ) ) | |
| _____ | ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Viking Management Services LLC
c/o Capital Administrations LLC
1712 Pioneer Avenue, Suite 115
Cheyenne, Wyoming 82001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Valerie M. Verduce, Esq.
Angeleque P. Linville, Esq.
Federal Trade Commission
225 Peachtree Street, NE
Suite 1500
Atlanta, GA 30303

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.   17-cv-60907-MORENO/TURNOFF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❒ I returned the summons unexecuted because _____ ; or

    ❒ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Federal Trade Commission and State of Florida | ) ) ) ) |
| _____ | ) ) |
| *Plaintiff(s)* | ) |
| v. | ) ) Civil Action No.  17-cv-60907-MORENO/TURNOFF |
| Jeremy Lee Marcus, et al. | ) ) |
| _____ | ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Viking Management Services LLC
> c/o Capital Administrations LLC
> 1712 Pioneer Avenue, Suite 115
> Cheyenne, Wyoming 82001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Valerie M. Verduce, Esq.
Angeleque P. Linville, Esq.
Federal Trade Commission
225 Peachtree Street, NE
Suite 1500
Atlanta, GA 30303

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.   17-cv-60907-MORENO/TURNOFF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

     ☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

     ☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

     ☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

     ☐ I returned the summons unexecuted because _____ ; or

     ☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

                                _____
                                           *Server's signature*

                                _____
                                       *Printed name and title*

                                _____
                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| Federal Trade Commission and State of Florida | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.  17-cv-60907-MORENO/TURNOFF |
| Jeremy Lee Marcus, et al. | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

    Viking Management Services LLC
    c/o Capital Administrations LLC
    1712 Pioneer Avenue, Suite 115
    Cheyenne, Wyoming 82001

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Valerie M. Verduce, Esq.
    Angeleque P. Linville, Esq.
    Federal Trade Commission
    225 Peachtree Street, NE
    Suite 1500
    Atlanta, GA 30303

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____               _____
                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   17-cv-60907-MORENO/TURNOFF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❏ I returned the summons unexecuted because _____ ; or

    ❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                    _____
                                         *Server's signature*

                                    _____
                                      *Printed name and title*

                                    _____
                                      *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| Federal Trade Commission and State of Florida<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Jeremy Lee Marcus, et al.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.  17-cv-60907-MORENO/TURNOFF<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Viking Management Services LLC
c/o Capital Administrations LLC
1712 Pioneer Avenue, Suite 115
Cheyenne, Wyoming 82001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Valerie M. Verduce, Esq.
Angeleque P. Linville, Esq.
Federal Trade Commission
225 Peachtree Street, NE
Suite 1500
Atlanta, GA 30303

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                             *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   17-cv-60907-MORENO/TURNOFF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                                              *Server's signature*

                                                      _____
                                                              *Printed name and title*


                                                      _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Federal Trade Commission and State of Florida | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Jeremy Lee Marcus, et al. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.   17-cv-60907-MORENO/TURNOFF

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

        Viking Management Services LLC
        c/o Capital Administrations LLC
        1712 Pioneer Avenue, Suite 115
        Cheyenne, Wyoming 82001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Valerie M. Verduce, Esq.
                          Angeleque P. Linville, Esq.
                          Federal Trade Commission
                          225 Peachtree Street, NE
                          Suite 1500
                          Atlanta, GA 30303

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
                                                 *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   17-cv-60907-MORENO/TURNOFF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❏ I returned the summons unexecuted because _____ ; or

    ❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.



Date: _____

                                                       _____
                                                           *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                           _____
                                                           *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| Federal Trade Commission and State of Florida | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Jeremy Lee Marcus, et al. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.  17-cv-60907-MORENO/TURNOFF

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Viking Management Services LLC
c/o Capital Administrations LLC
1712 Pioneer Avenue, Suite 115
Cheyenne, Wyoming 82001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Valerie M. Verduce, Esq.
Angeleque P. Linville, Esq.
Federal Trade Commission
225 Peachtree Street, NE
Suite 1500
Atlanta, GA 30303

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   17-cv-60907-MORENO/TURNOFF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                         *Server's signature*

                                              _____
                                                         *Printed name and title*

                                              _____
                                                         *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Federal Trade Commission and State of Florida<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Jeremy Lee Marcus, et al.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   17-cv-60907-MORENO/TURNOFF

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

        Viking Management Services LLC
        c/o Capital Administrations LLC
        1712 Pioneer Avenue, Suite 115
        Cheyenne, Wyoming 82001

       A lawsuit has been filed against you.

       Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Valerie M. Verduce, Esq.
                                   Angeleque P. Linville, Esq.
                                   Federal Trade Commission
                                   225 Peachtree Street, NE
                                   Suite 1500
                                   Atlanta, GA 30303

       If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____

                                                 *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  17-cv-60907-MORENO/TURNOFF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

     ☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

     ☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

     ☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

     ☐ I returned the summons unexecuted because _____ ; or

     ☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____               _____
                                                                    *Server's signature*

                                                              _____
                                                                    *Printed name and title*


                                                              _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| Federal Trade Commission and State of Florida <br><br> _____ <br> _Plaintiff(s)_ <br> v. <br> Jeremy Lee Marcus, et al. <br><br> _____ <br> _Defendant(s)_ | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No.  17-cv-60907-MORENO/TURNOFF <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

        Viking Management Services LLC
        c/o Capital Administrations LLC
        1712 Pioneer Avenue, Suite 115
        Cheyenne, Wyoming 82001

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Valerie M. Verduce, Esq.
                                     Angeleque P. Linville, Esq.
                                     Federal Trade Commission
                                     225 Peachtree Street, NE
                                     Suite 1500
                                     Atlanta, GA 30303

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                       *CLERK OF COURT*

Date: _____              _____

                                               *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   17-cv-60907-MORENO/TURNOFF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00____ .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                           *Server's signature*

                                                 _____
                                                           *Printed name and title*


                                                 _____
                                                           *Server's address*

Additional information regarding attempted service, etc: